945 F.2d 405
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bruce Terence PORTER, Plaintiff-Appellant,
v.
Larry PORTER, Warden, Camp Pugsley, C. Parish, Department of
Corrections, Grand Traverse Sheriff's Department,
Defendants-Appellees.
 No. 91-1340.
 United States Court of Appeals, Sixth Circuit.
 Sept. 24, 1991.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 This pro se Michigan prisoner appeals the district court's summary judgment in this civil rights case filed under 42 U.S.C. § 1983. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Bruce Terence Porter sought injunctive and monetary relief for alleged violations of his constitutional rights. He alleged that defendant Porter improperly placed him in administrative segregation pending a hearing on major misconduct charges. He further maintained that defendant Porter was responsible for continued harassment of plaintiff at other institutions. He alleged that defendants Parish and the Grand Traverse County Sheriff's Department subjected him to severe mental and physical abuse including excessive force and a risk of physical harm.
 
 
 3
 Upon review, we conclude that summary judgment was proper. Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Essential facts are not in dispute, cf. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and defendants are entitled to judgment as a matter of law. Id.
 
 
 4
 Placement in administrative segregation under the circumstances supported by this record was not unconstitutional. See Childs v. Pellegrin, 822 F.2d 1382, 1387-88 (6th Cir.1987). Moreover, Porter failed to show personal involvement by defendant Porter in any alleged continued harassment or unlawful conditions of confinement. Additionally, Porter's allegations of excessive force were insufficient to overcome defendants' factual assertions that force used to restrain him was reasonable under the circumstances. See Whitley v. Albers, 475 U.S. 312, 327 (1986).
 
 
 5
 Accordingly, the district court's summary judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.